UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOLIE DESIGN & DÉCOR, INC., and<br>ANNIE SLOAN INTERIORS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 2:12-CV-2387** |
| **CECE CALDWELL'S PAINTS, LLC<br>DALLAS FAUX FINISHING, LLC, and<br>DONNA SCHULTZ** | **JUDGE: HELEN G. BERRIGAN**<br>**MAGISTRATE: DANIEL KNOWLES** |

### ORDER AND REASONS[1]

Before the Court is a Motion to Strike Certain Affirmative Defenses and to Dismiss Counter-claims against Jolie Design and Décor, Inc. filed by Plaintiffs Jolie Design and Décor, Inc. and Annie Sloan Interiors, Ltd. ("Jolie Design," "Annie Sloan Interiors" or "Plaintiffs"). Rec. Doc. 24. Defendants CeCe Caldwell's Paints, LLC and Donna Shultz ("CeCe," "Shultz" or Defendants") oppose parts of the motion. Rec. Doc. 34. Having considered the applicable law, the record, and the memoranda of counsel, the Court finds that the Motion to Strike Certain Affirmative Defenses is GRANTED IN PART and DENIED IN PART and the Motion to Dismiss Counter-claims against Jolie Design and Décor, Inc. is DENIED for the following reasons.

### I. BACKGROUND

This Motion comes before the Court in order to settle the question of whether certain affirmative defenses outlined in Defendants' Answer, Defenses, and Counter-Claims meet the requisite pleading standard under Federal Rule of Civil Procedure 8(b) in order to survive a motion to strike under Federal Rule of Civil Procedure 12(f). Rec. Doc. 20. This Motion also sets before the Court the issue of whether certain counter-

---

[1] Victoria Jowers, a second-year student at Paul M. Herbert Law Center, Louisiana State University, assisted in the preparation of this Order and Reasons.

1

claims meet the requisite pleading standard under Federal Rule of Civil Procedure 8(a) to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Annie Sloan Interiors is a company organized under the laws of the United Kingdom, owned in part by decorative artist Annie Sloan. Rec. Doc. 12, p. 3. Annie Sloan is somewhat of a public figure in the arts and crafts community, and has used her success to create and market decorative paint. *Id.* at 4. This paint, named by Annie Sloan for its finish, is trademarked as "CHALK PAINT." *Id.* While there is some dispute as to the exclusivity of use, Annie Sloan Interiors has allegedly used the CHALK PAINT trademark in interstate commerce since 2004. *Id.* at 5. On October 30, 2012, the CHALK PAINT trademark was duly registered on the Principle Register of the United States Patent and Trademark Offices. *Id.*

Jolie Design is the exclusive licensee of the CHALK PAINT trademark in the United States and the exclusive distributer of CHALK PAINT decorative paint. Rec. Doc. 12, p. 2. Shultz was a retailer of CHALK PAINT decorative paint up until September 2011. Rec. Doc. 20, p. 3; Rec. Doc. 12, p. 7. Sometime after the end of her retailer relationship with Jolie Designs, Shultz became involved in CeCe Caldwell, which began to sell "Chalk and Clay Paint." Rec. Doc. 12, p. 7.

Plaintiffs filed this suit seeking damages arising from the alleged violation of the CHALK PAINT trademark under both the Lanham Act and various state laws. Rec. Doc. 1; Rec. Doc. 12. Defendants answered, asserting twenty-one affirmative defenses and two counter-claims. Rec. Doc. 20, p. 6-9. The first counter-claim seeks a declaratory judgment under 28 U.S.C. §2201 and §2202 stating that the Defendants use of the trademark "CECE CALDWELL'S CHALK & CLAY PAINT" does not infringe on Plaintiffs CHALK PAINT trademark. *Id.* at 10-11. In the second counter-claim, Defendants seek an order cancelling Annie Sloan Interior's federal trademark registration under 15 U.S.C. §1119. *Id.* at 11-12.

## II. LAW AND ANALYSIS

**A. Motion to Strike Certain Affirmative Defenses**

    **1. Standard of Review--FED.R.CIV.P. 12(f) Motion to Strike**

Under Federal Rule of Civil Procedure 8(a), a claim for relief must contain a short and plain statement of the grounds on which the pleader is entitled to relief. Under Federal Rule of Civil Procedure (8)(c), a party must state any affirmative defense in its claim for relief. Federal Rule of Civil Procedure 12(f) states that the Court may strike any defense that is insufficient, redundant, immaterial, impertinent, or scandalous either on its own motion, or on motion by a party. A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit. *Johnson v. Harvey,* 1998 WL 596745, at *7 (E.D.La. 1998). An allegation is immaterial to the lawsuit when the challenged allegations do not bear on the subject matter of the litigation. *Bayou Fleet P'ship, LLC v. St. Charles Parish,* 2011 WL 2680686, at *5 (E.D.La. Jul. 8, 2011). The Court will not decide a disputed question of fact on a motion to strike. *Gonzalez v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 2607096 at*5 (E.D.La. July 1, 2011).

**2. Analysis**

Plaintiffs move to strike the fifth, eighth, thirteenth, fourteenth, and sixteenth defenses under Federal Rule of Civil Procedure 12(f) on the grounds of failure to meet the applicable pleading standards of Federal Rule of Civil Procedure 8. Rec. Doc. 24, p. 1. In Defendants' Memorandum in Opposition to this motion, Defendants consented to strike the fifth, fourteenth, and sixteenth affirmative defenses. Rec. Doc. 34, p. 2. Defendants also consented to dismiss the second counter-claim, for cancelation of a federal trademark registration, as to Jolie Design only. *Id.* at 5. The Court strikes the defenses that Defendants have consented to strike and dismisses the part of the second counter-claim, that pertains to cancelation of a federal trademark as to Jolie Design.

In a Fifth Circuit case that directly addresses the pleading standard of affirmative defenses, *Woodfield v. Bowman,* an insurance company faced losing its "consent to settle" defense because it was not pled explicitly, but could be inferred from some "boilerplate" language. 193 F.3d 354, 362 (5th Cir. 1999). When the Fifth Circuit found a failure to plead that affirmative defense, it articulated three important standards for pleading affirmative defenses. First, *Woodfield* held that an affirmative defense requires the same pleading

standard as the complaint. *Id*. Second, *Woodfield* articulated a "fair notice" standard for pleading affirmative defenses which requires enough specificity so that the plaintiff is not a victim of unfair surprise. *Id.* Lastly, according to *Woodfield,* "boilerplate" defense pleading is not sufficient under Federal Rule of Civil Procedure (8)(c). *Id.*

However, *Woodfield* was decided before two recent Supreme Court cases on pleading standards. The first, *Bell Atlantic v. Twombly*, dealt with the pleading requirement for a complaint when plaintiffs alleged the existence of an anti-trust conspiracy. 550 U.S. 544, 550, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The *Twombly* plaintiffs alleged very few facts as to the existence of the conspiracy they claimed entitled them to relief. *Id.* at 551. They merely stated that they believed the defendant companies to have entered into an agreement due to a lack of competition between them. *Id.* In finding those pleadings insufficient to state a claim, *Twombly* held that in order to meet the requirements of Federal Rules of Civil Procedure (8), a claim for relief must be "plausible on its face." *Id.* at 570. The second case, *Ashcroft v. Iqbal*, dealt with a detainee who made many assertions of discrimination in his pleadings. 556 U.S. 662, 680-682, 129 S.Ct. 1937, 1951-1952, 173 L.Ed.2d 868 (2009). The Court found that many of these assertions were not entitled to an assumption of truth because these assertions were legal conclusions and not facts. *Id.* The Court held that when considering the factual allegations of the complaint as true, a claim must cross the line "from conceivable to plausible" and allow one to draw the "reasonable inference" that the defendant is liable. *Ashcroft v. Iqbal,* 556 U.S. at 680.

Under these two cases, a claim for relief must plead enough facts so that, taken in the light most favorable to the pleader, it is plausible that the pleader is entitled to relief. *Bell Atlantic v. Twombly*, 550 U.S. at 550; *Ashcroft v. Iqbal*, 556 U.S. at 680-682.[2] While it is clear that *Iqbal* and *Twombly* apply the plausibility standard to pleading a claim for relief, the pleading standard for affirmative defenses has not been clarified.

---

[2] An example of where the Fifth Circuit applied the *Iqbal* and *Twombly* plausibility standard to a well-pleaded claim for relief was in *Rhodes v. Prince.* 360 F.App'x. 555, 557-558 (Fifth Cir. 2010).

After *Twombly*, the Fifth Circuit addressed the pleading standard for affirmative defenses in a case involving whether affirmative defenses were waived for lack of specificity. In *Rogers v. McDorman,* the court used a "fair notice" pleading standard. 521 F.3d 381, 385 (5th Cir. 2008). The "fair notice" standard articulated in that case requires enough factual particularity to avoid unfair surprise to the plaintiff. *Id.* The court determined that an affirmative defense is waived when a plaintiff is prejudiced in his ability to respond. *Id.*

The Fifth Circuit has not addressed the pleading standards for affirmative defenses after *Iqbal*. However, several district courts have addressed the issue. In a case before this Court, *Cosmetic Warriors Limited v. Lush Boutique LLC,* the Court cited to the *Twombly* pleading standard for affirmative defenses, and applied the lower fair notice standard, finding the defenses clearly insufficient. No. 09-6381, 2010 WL 4871229 at *2 (E.D. La. Feb. 4, 2010). Similar to the case before the Court, in *Cosmetic Warriors*, damages allegedly arose from trademark infringement. *Id.* at *1. Defendants pled affirmative defenses such as "Plaintiff's claims are barred by laches" or "Plaintiff's claims are barred by the Plaintiff's abandonment of the trademark at issue" without any further explanation. *Id.* at *2. The defenses addressed in *Cosmetic Warriors* were found to be "boilerplate" defenses, and thus neither the "fair notice" standard nor the plausibility standard were met. *Id.* at *2-3.

Likewise, in *Harris v. USA Insurance Companies,* the court found that while it is unclear whether or not an affirmative defense must meet the heightened pleading standard of *Twombly* and *Iqbal*, the affirmative defense must "at least" meet the fair notice requirement of *Woodfield. Harris v. USA Insurance Companies* No. 11-201, 2011 WL 3841869, at *2 (E.D. La. Aug. 30, 2011). The court again acknowledges the lack of clarity as to the pleading standard for affirmative defenses in *Schlosser v. Metropolitan Property.* NO. 12-1301, 2012 WL 3879529, at *2 (E.D. La. Sept. 6, 2012). The *Schlosser* court, applying *Woodfield*, states that an affirmative defense must meet "at least" the "minimal fair notice" standard. *Schlosser v. Metropolitan Property,* NO. 12-1301, 2012 WL 3879529, at *2. In *Schlosser,* because the minimum standard

5

was not met, the court found it unnecessary to address whether or not the heightened pleading standard of *Twombly* and *Iqbal* should apply. *Id.* The *Schlosser* court did not dismiss the possibility that the plausibility standard would apply had the "minimum" requirement of fair notice been met. *Id.*

Two principles are made clear from the cases cited above. The first is that *Woodfield* is still applicable to motions to strike affirmative defenses. The second is that the "fair notice" standard is a "minimum" and therefore lower threshold than the "plausibility" standard articulated by *Twombly* and *Iqbal*. The Fifth Circuit held in *Woodfield* that affirmative defenses are held to the same pleading standard as the complaint. 193 F.3d at 362. In *Rhodes,* the Fifth Circuit cites both *Twombly* and *Iqbal* with favor, holding that the complaint is held to the plausibility standard. *Rhodes v. Prince,* 360 Fed.App'x. at 557-558.

### 3. The Eighth Defense

The Defendants state in their Memorandum in Opposition that they asserted the Eighth Defense because Plaintiffs allege throughout their pleadings that third parties have caused the Plaintiffs harm. Rec. Doc. 34, p. 3.[3] The Court begins by determining whether or not the defense gives "fair notice" to Plaintiffs of the defense being advanced. *Woodfield,* 193 F.3d at 362. This is a fact specific analysis which determines if the defense is sufficiently articulated so that the plaintiff is not the victim of "unfair surprise." *Id.* The Court finds that the Eighth Defense does not give sufficient facts to constitute "fair notice" to the Plaintiff and prevent unfair surprise. The Eighth defense alleges no facts that might suggest to the Plaintiffs what grounds the defense is based on, and appears to be exactly the type of "boilerplate" language that *Woodfield* stated was insufficient under Federal Rule of Civil Procedure 8(c). *Id.* While the Eighth Defense asserts that Plaintiff's claims may be barred by the comparative fault of third parties, it fails to even suggest who some

---

[3] In Defendants' Memorandum in Opposition, counsel refers to the Eighth Defense as stating that the claims are "barred, in whole or in part, to the extent that indispensable parties have not been joined and their absence from the present litigation subjects the remaining parties to a substantial risk of incurring multiple or inconsistent obligations." Rec. Doc. 34, p. 3. However, Defendants' Answer lists the Eighth Defense as the claims are "barred, either in whole or in part, to the extent that the loss and/or damages alleged were caused by the fault of persons, including a third-party and/or third-parties, for whom Defendants are not directly or vicariously liable or otherwise responsible." Rec. Doc. 20, p. 7. As Defendants' arguments are easily construed to apply to the challenged defense, the Court shall read them to apply to the Eighth Defense as stated in the answer, and ignore the improper reference.

of these parties might be, or to what degree they might be at fault. Rec. Doc. 24-1, p. 8. This defense does not require a detailed list of names or a specific situation to be plausible. However, Defendants must allege enough facts that a reasonable person could infer that a third party may have been at least partially at fault. Thus, the applicable pleading standard of plausibility is not met. The Court grants the Motion to Strike the Eighth Defense, pursuant to Federal Rule of Civil Procedure 8(c), without prejudice to Defendants' right to seek leave to amend its Answer to plead with greater specificity.

### 4. The Thirteenth Defense

The Thirteenth Defense states that "Pursuant to La. R.S. 51: 1409(A), Plaintiffs are liable to Defendants for reasonable attorneys' fees and costs incurred by Defendants in defending against Plaintiffs groundless, bad faith, and harassing alleged claims for unfair trade practices." Rec. Doc. 20, p. 8. According to Louisiana Revised Statutes 51: 1409, upon a finding that the lawsuit was brought for the purposes of harassment or in bad faith, the court may award reasonable attorney's fees. Defendants note in their Memorandum in Opposition that the evidence as to Plaintiffs' intent to harass by this lawsuit would rarely be known at this stage in the litigation. Rec. Doc. 34, p. 4. Courts must be cautious about striking affirmative defenses when Defendants have not had the opportunity to prove that the allegations in those defenses may be true. *Owens v. UNUM Life Ins. Co.,* 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003). It is impossible to know at this stage of the litigation if Defendants are entitled to demand attorney's fees. *In re Cemetery Dev. Corp.,* 59 B.R. 115, 128 (Bankr. M.D. La. 1986). Moreover, it is rare for a Court to decide an issue of attorney's fees before a verdict. *Cambridge Strategies, LLC v. Cook,* 3:10-CV-2167-L, 2012 WL 176587, at *8 (N.D. Tex. Jan. 23, 2012). The statutory citation is enough to give Plaintiffs the context of the defense, and does not put the Plaintiffs at risk of becoming the victims of unfair surprise.

Not only is the fair notice standard met, the defense is plausible on its face. Defendants have alleged enough facts that it is plausible that this statute may bear on the subject matter of this litigation. Rec. Doc. 34. The lawsuit will be litigated under Louisiana law, and under Louisiana law, groundless

personal actions can result in an award of attorney's fees. La. R.S. 51: 1409. Thus, the Court declines to strike the Thirteenth Defense.

**B. Motion to Dismiss Counter-Claim**

### 1. Standard of Review—Federal Rules of Civil Procedure 12(b)(6) Motion to Dismiss

Under Federal Rules of Civil Procedure 8(a), a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. If the claim fails to state a claim upon which relief may be granted, the court may dismiss the claim upon motion from a party under Federal Rules of Civil Procedure 12(b)(6). The Supreme Court recently clarified in *Bell Atlantic v. Twombly* that in order to state a claim, the pleadings must contain enough facts that the claim is "plausible on its face." 550 U.S. 544, 570. This standard is further clarified in *Ashcroft v. Iqbal*, where the Supreme Court stated that the pleadings must give rise to the "reasonable inference" that the defendant is liable. 556 U.S. 662, 680. When reading the pleadings for the purposes of deciding a Motion to Dismiss, the court takes the factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

### 2. Analysis—Dismissal of Claim for Declaratory Judgment against Jolie Designs

In order for a district court to rule on a declaratory judgment claim, the Court must take three steps. First, the Court must determine that the claim is justiciable, meaning that there is an actual controversy between the parties. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Second, the Court must determine that it has authority to grant the declaratory relief action. *Id.* Lastly, the Court must exercise its broad discretion in deciding whether to decide or dismiss the motion for declaratory judgment. This counterclaim for declaratory judgment is challenged under Federal Rules of Civil Procedure 12(b)(6). At this stage the claim is evaluated on its facial plausibility, not its merits. *See generally, Ashcroft v. Iqbal,* 556 U.S. at 680. Thus, only the first two considerations are important to determining whether or not the Defendants, as third-party plaintiffs, have stated a claim upon which relief can be granted.

Reading the facts in the light most favorable to the pleader, it is plausible that the first consideration, an actual controversy between the parties, exists due to the CHALK PAINT trademark. As the trademark has been duly registered on the Principle Register of the United States Patent and Trademark Office, and Defendants are currently using a similar name for their product, Defendants need to know whether their use of the term "Chalk Paint" is suggestive of a type of product, or actually an infringement on a descriptive trademark. Rec. Doc. 12, p. 5.

When the matter is justicable and the court has subject matter jurisdiction, it has the authority to grant declaratory relief. *The Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387-388 (5th Cir. 2003). Diversity jurisdiction is present under 28 U.S. §1332, so the Court has the authority to exercise its discretion to grant or dismiss a claim for declaratory judgment. Rec. Doc. 12, p. 5. Defendants have alleged enough facts that, when read in the light most favorable to the pleader, the counter claim for declaratory judgment is plausible on its face.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Certain Affirmative Defenses is GRANTED IN PART and DENIED IN PART. Rec. Doc. 24.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Counterclaims is GRANTED as to the second counter-claim, for cancellation of a federal trademark registration as to Jolie Design only, which Defendants consented to dismiss. Otherwise, the Motion is DENIED. Rec. Doc. 24.

New Orleans, Louisiana, this 28th day of June, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE