UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOLIE DESIGN & DECOR, INC. AND ANNIE SLOAN INTERIORS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2387** |
| **CECE CALDWELL'S PAINTS, LLC, DALLAS FAUX FINISHING, LLC, AND DONNA SCHULTZ** | **SECTION: "C" (3)** |

### ORDER AND REASONS

Before the Court is a Motion by Dallas Faux Finishing, LLC to Vacate Clerk's Entry of Default. Rec. Doc. 41. Plaintiffs Jolie Design & Decor, Inc. and Annie Sloan Interiors, LTD. ("Jolie Design") have not filed an opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that vacating the entry of default is appropriate.

### I. BACKGROUND

Annie Sloan Interiors is owned in part by decorative artist Annie Sloan. Rec. Doc. 12 at 3. Sloan has trademarked her paint as "CHALK PAINT." *Id.* While there is dispute as to the exclusivity of use, Annie Sloan Interiors has allegedly used the

CHALK PAINT trademark in interstate commerce since 2004. *Id.* at 5.  Jolie Design is the exclusive licensee of the CHALK PAINT trademark in the United States and the exclusive distributor of CHALK PAINT decorative paint. *Id.* at 2.    Shultz was a retailer of CHALK PAINT decorative paint up until September 2011. Rec. Doc. 20 at 3; Rec. Doc. 12 at 7.  Sometime after the end of her retailer relationship with Jolie Designs, Shultz became involved in CeCe Caldwell, which began to sell "Chalk and Clay Paint." Rec. Doc. 12 at 7.

Dallas Faux Finishing, LLC ("Dallas Finishing") is a Texas limited liability company doing business as Maison Blanche Paints ("Maison Blanche"). Rec. Doc. 12 at 2.  The company is owned by Annie Omar. *Id.* at 16.  Maison Blanche sought to become one of Jolie Design's retail distributors of CHALK PAINT in July of 2011, but was not successful. *Id.* at 16-17.  Instead, Omar and Maison Blanche allegedly developed and began to distribute "La Craie Paint," which Jolie Design alleges is "substantially identical and confusingly similar" to CHALK PAINT. *Id.* at 17.

Plaintiffs filed this suit seeking damages arising from the alleged violation of the CHALK PAINT trademark under both the Lanham Act and various state laws. Rec. Doc. 1; Rec. Doc. 12.  Specifically, Jolie Design brings claims against Dallas Finishing for Maison Blanche's alleged infringement, dilution, unfair competition, false advertising and false designation of origin by its partners, agents and retailers. Rec. Doc. 12 at 18.

2

On October 15, 2012, Jolie Design attempted to serve Dallas Finishing by serving its registered agent, Annie Omar, when it delivered to the corporation a summons in a civil action and a complaint for injunctive relief and damages. Rec. Doc. 5.  However, the process server gave these documents to Monica Doe as "authorized to accept" for Dallas Finishing and Omar. *Id.*  The address where "Monica Doe" was served was 513 Richmond Park Lane, Fort Worth, TX 76140-6520. *Id.*   After Dallas Finishing failed to answer the complaint or otherwise appear, it appeared on the call docket on January 16, 2013. Rec. Doc. 13.  Jolie Design moved for an entry of default against this defendant on December 28, 2012. Rec. Doc. 14. The clerk entered a default judgment against Dallas Finishing under Federal Rule of Civil Procedure 55(a) on January 2, 2013. Rec. Doc. 15. Dallas Finishing now moves to set aside that entry of default alleging that service was improper. Rec. Doc. 41.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that a district court may "set aside an entry of default for good cause." FED. R. CIV. PRO. 55(c).  The three factors courts consider in determining whether good cause exists are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84 (5th Cir. 1992)).  Additionally, a court

3

may consider whether the defendant acted expeditiously to correct the default. *Lacy*, 227 F.3d at 292 (citing *Dierschke*, 975 F.2d at 184). The district court may also consider whether the public interest is implicated by the default, and whether there was a significant financial loss to the defendant. *Dierschke*, 975 F.2d at 184. Additionally, there is a strong policy in favor of decisions on the merits, and default judgments are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 866, 893 (5th Cir. 1998); *Harper Macleod*, 260 260 F.3d 389, 393 (5th Cir. 2001) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir. 1998)).

    A corporation may be served "by delivering a copy of the summons and complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process . . . ." FED.R.CIV.P. 4(h)(1)(B). Alternatively, a corporation may be served by "following state law for serving a summons . . . ." FED.R.CIV.P. 4(e)(1). Here, plaintiffs attempted to serve Dallas Finishing following Texas law. Rec. Doc. 41-1 at 8. A default judgment is supported against a jurisdictional challenge under Texas law if plaintiffs can prove "that (1) the pleadings established the Defendants were amenable to service, and (2) evidence in the record demonstrates the Defendants were in fact served in the manner required by the Texas long arm statute." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 (5th Cir. 2001) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988)). Texas law

4

requires a default judgment to be set aside for a defendant who complains that service was not in strict compliance with the applicable requirements. *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (citing Wilson *v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Dallas Finishing argues that the default judgment should be vacated both because (1) service was improper, which creates a mandatory ground for vacating the default, and (2) it meets all three prongs of the test for good cause. Rec. Doc. 41-1 at 8. Monica Doe, Dallas Finishing claims, is really named Monica Rolling. *Id.* at 2. Moreover, Rolling has sworn under oath that she is not an employee or agent of Dallas Finishing. Rec. Doc. 41-3 at 1. She babysits Omar's children and does personal chores for Omar. *Id.* Defendant Dallas Finishing states that Rolling is not authorized to accept service of process for Dallas Finishing. Rec. Doc. 41-1 at 2.

Here, plaintiffs have not demonstrated that they served defendant Dallas Finishing in the manner required by the Texas long arm statute. Plaintiffs served the babysitter of the defendant's authorized agent. Rec. Doc. 41-4 at 4. This did not effect service. *See, e.g., world Environmental, L.L.C. v. Wolfpack Environmental, L.L.C.*, No. 01-08-00561-CV, 2009 WL 618697, at *2 (Tex, Ct. App. Mar. 12, 2009) (finding there was no effective service of a limited liability company when a manager or registered agent's personal assistant was served). Thus, service of process to Dallas Finishing was

5

insufficient, and the entry of default against it must be set aside.[1] It is of no matter whether Omar had actual notice of service because the Texas Supreme Court has expressly ruled that an actual notice exception does not overcome strict compliance to the long arm statute. *Harper Macleod*, 260 F.3d at 399 (citing *Wilson*, 800 S.W.2d 833, 836 (Tex. 1990)).

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Dallas Faux Finishing, LLC's Motion to Vacate Clerk's Entry of Default is hereby **GRANTED**. Rec. Doc. 41.

New Orleans, Louisiana this 15th day of August, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court finds no need to analyze the specific *Lacy/Dierschke* factors for good cause. Defendant has demonstrated that her failure to answer was not willful and she was making good faith efforts to work with an attorney. Rec. Doc. 41-1 at 11. Furthermore, plaintiffs shall not be prejudiced by the vacatur of default at this time.